DeWITT v. SCHWEITZER.

Ohio Appeals, 5th Dist., Stark Co.

No. 854. Decided March 12, 1928.

Judges 'Richards, Williams and Lloyd of the 6th Dist., sitting.

First Publication of this Opinion.

Syllabus by Editorial Staff.

225. CHARGE OF COURT—745a. Malpractice.

In action for damages, claiming malpractice of physician, treating ' plaintiff for severe injuries caused by plaintiff falling from tree, it is vital for trial judge, in charging jury, to clearly distinguish between injuries received in fall, and injuries, if any, resulting from claimed malpractice.

Error to Common Pleas.

Judgment reversed.

Lynch, Day, Fimple, Pontius & Lynch, Canton, for DeWitt.

Gnau & Miller, Canton, for Schweitzer.

STATEMENT OF FACTS.

The original action was commenced, in the Municipal Court of the City of Canton, by Dr. J. P. DeWitt, to recover an amount claimed to be due him on an account for services as a physician. A cross petition was filed by the defendant, setting up a cause of action for claimed malpractice on the part of Dr. DeWitt. The trial resulted in a verdict and judgment in favor of Schweitzer in the amount of $1,000, which judgment was affirmed in the Court of Common Pleas.

Edward Schweitzer was the sexton in charge of St. John's cemetery at Canton, and was seriously injured, on Aug. 17, 1925, by falling from a tree which he was engaged in trimming. These injuries consisted of a fractured hip bone and, it is said, some broken ribs and an injury to one of his shoulders. Dr. DeWitt was employed to treat him and rendered services as a physician for several days. The principal default charged against Dr. DeWitt is that he was called by Mrs. Schweitzer on the telephone several times one night and informed that her husband was suffering intense pain and that they desired the doctor to come and administer something to relieve his pain. Under the directions of the physician, morphine had been administered in liquid doses but it is claimed that Mr. Schweitzer could not retain this in his stomach and that the vomiting resulting from taking the medicine caused, intense agony and that this continued for perhaps eight or nine hours while they were waiting for Dr. DeWitt to come and give morphine by hypodermic injection or administer some other remedy in order to relieve the pain, and it is contended that this suffering, extending over that period of time and caused by the failure of the physician to administer a sedative, resulted in a serious, permanent nervous. condition in Schweitzer.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

RICHARDS, J.

It will be noticed that while the patient was

suffering from severe physical injuries, it is claimed that the asserted malpractice of the physician resulted in further serious injuries. In the trial of a case of that character it would, of course, be vital for the trial judge, in charging the jury, to clearly distinguish between the injuries which Schweitzer received in falling from the tree and the injuries, if any, resulting from the claimed malpractice of his physician. The trial judge, in charging the jury, used the word "injuries" or "injured" as many as fifteen times, and, from the context, it appears that on some occasions the word referred to the injuries received in falling from the tree, on some occasions, it referred to the injuries claimed to have been received by reason of malpractice, and sometimes it apparently referred to both classes of injuries. That portion of the charge relating to this subject ends with the following instructions:

"You will take into consideration, in determining the amount of damages for his injuries, if you find he is entitled to damages, the nature and extent of his injuries, whether permanent or not, and the pain he suffered."

Certainly that does not discriminate between the injuries he received in falling from the tree and the injuries, if any, which he received at the hands of his physician, and the instruction also directs the jury to consider, in awarding damages, "the pain he suffered," without regard to how it was caused. This instruction was manifestly erroneous and prejudicial to the physician, and this is apparent from the size of the verdict.

Immediately after the conclusion of the charge the trial court was requested, in the presence of the jury, to correct the language by limiting the term "injuries" to such as were received at the hands of the physician and so as to exclude injuries sustained by falling from the tree, but this the trial court refused to do. This incident served to intensify the erroneous and prejudicial character of the instruction.

We have examined the other claimed errors and find none prejudicial to the plaintiff in error, but for the reasons given the judgment must be reversed and the cause remanded for a new trial.

(Williams and Lloyd, JJ., concur.)